UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO - CENTRAL DIVISION

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware corporation,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>85 FIFTH STREET ASSOCIATES, LLC, a Washington limited liability company; 85 FIFTH STREET ASSOCIATES L.P., a Washington limited partnership; NORTHWEST LODGING, INC., a Washington corporation; LAWRENCE P. HORWITZ, individually; and ANDRE S. TATIBOUET, individually,<br><br>　　　　　　　　　　　　　　　Defendants. | No. CV 04-017-C-EJL<br><br>AMENDED MEMORANDUM, DECISION, AND ORDER[1] |

　　　　On April 13, 2005 the Court entered an order granting defense counsel's motion to withdraw. (Dkt. No. 27). Pursuant to Local Civil Rule 83.6, defense counsel was directed to serve a copy of the order on the Defendants forthwith and the Defendants were then to be given twenty days for the filing of the proof of service to file a notice regarding how they intend to proceed in this matter. Counsel filed a proper proof of service on July 25, 2005 which indicated the Order Authorizing Withdrawal of Defendants' Counsel was served via certified mail on July 20, 2005. (Dkt. No. 34). To date the Court has not received any notice from the Defendants as to how they will proceed in this case.

　　　　The Court's order notified the Defendants that pursuant to Local Civil Rule 83.6, the "failure to appear in this action...within such twenty (20) day period, such failure shall be sufficient

---

[1] The Court's initial order failed to reflect that a bankruptcy stay is in effect as to Lawrence P. Horwitz. (Dkt. No. 32). This amended order, therefore, correctly notes that the default is entered as to all defendants except those for which bankruptcy stay has been entered, namely Lawrence P. Horwitz and Andre S. Tatibouet.

ORDER DEFAULT  - 1
No. CV 04-017-C-EJL

grounds for the entry of a default against such party or dismissal of the action of such party with prejudice and without further notice."[2]  (Dkt. No. 27).  Because the time for the Defendants to file their notice of appearance has now expired and no such notice has been filed the Court hereby enters default against the Defendants in this action with the exception of Defendants Andre S. Tatibouet and Lawrence P. Horwitz who have been granted an automatic bankruptcy stay pursuant to 11 U.S.C. § 362.  (Dkt. No. 28, 32).

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **HEREBY** enters **DEFAULT** as to Defendants 85 Fifth Street Associates, LLC, 85 Fifth Street Associates, L.P., and Northwest Lodging, Inc..  The Clerk of the Court is directed to serve a copy of this order on all parties including Plaintiffs, former defense counsel, and the named Defendants at the mailing address as provided by former defense counsel.  Twenty-one days after the service of this order on the named Defendants, the Court will enter default judgment.

DATED:  August 17, 2005

**Honorable Edward J. Lodge**
**U. S. District Judge**

---

[2]  The Local Civil Rules were amended on March 31, 2005 and Rule 83.6 now provides for a twenty-one (21) day period for submission of a notice of appearance before an action could be dismissed.  Local Civ. R. 83.6.  This change, however, does not impact this matter since the time for filing is beyond the new twenty-one day period.